Per Curiam.
 

 Humphreys, j. and Overton, j. tacite Powel, j.
 

 In cases of this kind, it never has been the practice of our courts to require the agent to produce a power of attorney, or authority, for the purpose of obtaining redress by resort to this court.
 
 *
 
 The court always presumes the agency as it is stated. And per Overton, j. Upon his first being acquainted with the practice, it was thought by many, that no person could appeal from the decision of an inferior court, without being present, or giving a regular letter of attorney for that purpose ; that doctrine had long since been exploded, and attorney's at law sometimes enter into bond themselves, or pro
 
 *344
 
 cured others to do it in the absence of their clients. About the same time it was urged, that the act of assembly respecting the number of securities, to wit, two. must be literally complied with. As in North-Carolina, our courts have decided one was sufficient, if satisfactorily responsible.
 
 (1)
 

 Rule discharged.
 

 *
 

 See 9 Vez. jr. 250. 2 Johns 579.
 

 (1)
 

 Vide 1 Esp. Rep.
 
 61.